UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:12CV-00165-JHM
CRIMINAL ACTION NO. 1:06CR-00064-JHM

JASON HAWKINS                                                           MOVANT/DEFENDANT

VS.

UNITED STATES OF AMERICA                                          RESPONDENT/PLAINTIFF

MEMORANDUM OPINION

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Movant, Jason Hawkins, pursuant to 28 U.S.C. §2255 [DN 73] and on motions by Movant, Jason Hawkins, to appoint counsel for resentencing [DN 82, DN 85]. The case was referred to United States Magistrate Judge H. Brent Brennenstuhl for the resolution of all non-dispositive matters and for the preparation of Findings of Fact, Conclusions of Law and Recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). In his Findings of Fact, Conclusions of Law and Recommendation [DN 80], the Magistrate Judge recommends that Movant Hawkins be granted habeas relief as to Ground Three and that the Court vacate one of the two convictions for receipt and possession of child pornography. The Magistrate Judge also recommends that habeas relief be denied as to Grounds One and Two and a Certificate of Appealability be denied as to these claims. Hawkins did not object to the recommendation as to Grounds One and Two issued by the Magistrate. The United States filed timely objections to the report and recommendation as it relates to Ground Three, and the matter is now ripe for consideration.

I. BACKGROUND

Hawkins pled guilty to transportation of child pornography in violation of 18 U.S.C. § 2252 (a)(1) (Count 1) and to production of child pornography in violation of 18 U.S.C. § 2251(a) and (e)

(Count 4). Hawkins also entered guilty pleas to knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) charged in Count 2 of the Indictment and knowingly possessing the same child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2) charged in Count 3 of the Indictment. The Court sentenced Hawkins to 240 months on Counts 1 and 2 to run concurrently with each other. The Court sentenced Hawkins to 120 months on Count 3 and 360 months as to Count 4 of the Indictment to be served consecutive to one another and consecutively to the aggregate imposed as to Counts 1 and 2, for a total term of imprisonment of 720 months. The United States concedes that there is a double jeopardy violation in Hawkins's convictions for both receiving and possessing the same child pornography. The Double Jeopardy Clause "protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

### A. United States v. Bostic Error

The United States objects to the Magistrate Judge's conclusion that Hawkins did not procedurally default his double jeopardy claim when he failed to raise the issue in this Court during the criminal prosecution. (Report and Recommendation at 19-20 n. 4.) The Magistrate reached the conclusion based on the Sixth Circuit's decision in Hawkins's direct appeal that Hawkins should not be subjected to a plain error review for failing to object to his sentence because the district court failed to ask the parties if they had any objections to the imposed sentence before adjourning the hearing. See United States v. Hawkins, 413 Fed. Appx. 844, 848 (6th Cir. 2011)(citing United States v. Bostic, 371 F.3d 865, 871 (6th Cir. 2004)). Whether the Bostic requirement is applicable to a double jeopardy claim has not been specifically addressed by the Sixth Circuit. See United States v. Fofana, 439 Fed. Appx. 430, 432 (6th Cir. 2011). Notwithstanding, having reviewed *de novo* the Magistrate Judge's Findings of Fact and Conclusions of Law on this issue in light of the

objections and the record as a whole, the Court adopts the Magistrate Judge's Findings of Fact and Conclusions of Law with respect to this issue.

Additionally, considering the petition is *pro se*, Hawkins's allegations related to his double jeopardy claim could be liberally construed as a claim for ineffective assistance of counsel for failure to bring the double jeopardy claim. See, e.g., United States v. Cuevas-Arredondo, 2008 WL 80127, *2 (D. Neb. Jan. 4, 2008)(citing Archuleta v. Hedrick, 365 F.3d 644, 648 (8th Cir. 2004)). Claims of ineffective assistance of trial counsel may be raised for the first time on collateral review under § 2255. Massaro v. United States, 538 U.S. 500, 505 (2003). See also Howard v. United States, 485 Fed. Appx. 125, 129 (6th Cir. 2012). "An ineffective-assistance claim may be raised in a collateral proceeding under § 2255 regardless of whether the movant could have raised the claim on direct appeal." Dobbins v. United States, 2013 WL 3878959, *2 (M.D. Tenn. July 25, 2013)(citing Massaro, 538 U.S. at 504). Thus, the procedural default standard would not apply to the claim.

**B. Procedural Default and Ineffective Assistance of Counsel**

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 621 (U.S. 1998). To show cause, a defendant must establish a substantial reason to excuse the default. This requirement may be satisfied through a showing of ineffective assistance of counsel. See Washington v. Hofbauer, 228 F.3d 689, 698 (6th Cir. 2000) (noting that "ineffective assistance of counsel can provide the necessary 'cause' for the procedural default"); Waller v. United States, 2010 WL 750219, *14 (N.D. Ohio 2010).

The United States objects to the Magistrate Judge's conclusion that even if Hawkins had

procedurally defaulted on his double-jeopardy claim, he would find that both trial and appellate counsel were ineffective for failing to raise the double-jeopardy claim. The United States objects to the Magistrate's conclusion that in light of the holding in United States v. Ehle, 640 F.3d 689, 694-95 (6th Cir. 2011), both trial and appellate counsel's representation fell below an objective standard of reasonableness when counsel failed to raise the double-jeopardy claim. (See Report and Recommendation at 20, 22 n. 5.) The United States argues that since Ehle was decided after Hawkins's sentencing and appeal were completed, the Magistrate's Report mistakenly views counsel's performance in hindsight in violation of Strickland v. Washington, 466 U.S. 668, 689 (1984)(evaluate the conduct of counsel "from counsel's perspective at the time."). Specifically, the United States contends that no binding precedent held that conviction for both receiving and possessing the same child pornography violates the double jeopardy clause until the Sixth Circuit decided Ehle.

While the United States is correct that counsel is not required to forecast changes or advances in the law, the Court finds that the applicable case law regarding double jeopardy as announced in Blockburger v. United States, 284 U.S. 299 (1932) and Ball v. United States, 470 U.S. 856 (1985) was available to counsel to rely upon to argue that convictions for both receiving and possessing the same child pornography violates the Double Jeopardy Clause. See also United States v. Hutchinson, 448 Fed. Appx. 599, 603-604 (6th Cir. 2012). The Ninth Circuit in United States v. Davenport, 519 F.3d 940, 943-47 (9th Cir. 2008), also reached the same conclusion as the Sixth Circuit in Ehle prior to Hawkins's sentencing. Further, prior to the Sixth Circuit's decision in Hawkins's appeal, the Second Circuit, Third Circuit, and Eleventh Circuit likewise concluded that convicting a defendant of both "knowingly receiving" and "knowingly possessing" the same child

4

pornography violates the Double Jeopardy Clause.  See United States v. Miller, 527 F.3d 54, 70-74 (3d Cir. 2008); United States v. Polouizzi, 564 F.3d 142, 158-159 (2d Cir. 2009);  United States v. Bobb, 577 F.3d 1366, 1371-1375 (11th Cir. 2009).  Thus, the Court overrules the objections by the United States related to this issue.

Similarly, the Court agrees with the Magistrate Judge regarding whether Hawkins was prejudiced by counsel's failure to raise the double jeopardy violation.  The prejudice analysis for procedural default and the prejudice required to prove ineffective assistance of counsel are "sufficiently similar to treat as the same." Hall v. Vasbinder, 563 F.3d 222, 237 (6th Cir. 2009); Joseph v. Coyle, 469 F.3d 441, 462–63 (6th Cir. 2006) (noting that "establishing Strickland prejudice likewise establishes prejudice for purposes of cause and prejudice")(citing Prou v.United States, 199 F.3d 37, 49 (1st Cir. 1999)(§ 2255 case)); Waller v. United States, 2010 WL 750219, *14 (N.D. Ohio Feb. 26, 2010).  Prejudice under Strickland is demonstrated by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Here, the United States concedes that a double jeopardy violation occurred.  Had the error been raised at the trial or appellate level, the result of the proceeding would have been different. The Movant would not have been convicted or sentenced for both possession and receipt of child pornography and subjected to an additional special assessment of $100.00.  While the United States is correct that the additional conviction Hawkins received as a result of the ineffective assistance of counsel does not necessarily increase the length of his sentence, courts have held that under Strickland, "prejudice can result from the conviction itself."  See, e.g., United States v. Jones, 403

F.3d 604, 607 (8th Cir. 2005)(citing Ball v. United States, 470 U.S. 856, 864-65 (1985)("The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense.") Furthermore, courts recognize that with respect to Strickland's prejudice prong, "nothing more than the imposition of an additional special assessment [is] sufficient to satisfy the prejudice prong." Handy v. United States, 2008 WL 4612909, *3 (E.D. Tex. Oct. 16, 2008); Jones, 403 F.3d at 607; United States v. Bass, 310 F.3d 321, 329-30 (5th Cir. 2002); United States v. Nairn, 2005 WL 850840, *14 (N.D. Iowa April 12, 2005).

Having reviewed *de novo* the portions of the Findings of Fact and Conclusions of Law related to ineffective assistance of counsel, in light of the objections made by the United States, the Court adopts the Magistrate Judge's Findings of Fact and Conclusions of Law.

### C. Correction of Sentence

"The end result of a successful § 2255 proceeding is the vacatur of the prisoner's unlawful sentence and one of the following: (1) the prisoner's release, (2) the grant of a new trial, or (3) a new sentence, imposed by either a corrected sentence or resentencing." Stapleton v. United States, 886 F. Supp. 2d 542, 545 n.6 (E.D. Va. 2012)(citing United States v. Hadden, 475 F.3d 652, 661 (4th Cir.2007)). "As such, the district court is authorized to conduct a resentencing in awarding relief pursuant to § 2255 but is not required to do so." Id. See 28 U.S.C. § 2255(b) ("If the court finds that the judgment . . . [is] open to collateral attack, . . . the court shall vacate and set the judgment aside and shall . . . resentence him . . . or correct the sentence as may appear appropriate."). Here, because none of the factors that went into the Court's initial sentencing determination have changed,

the court exercises its discretion in fashioning an appropriate remedy by electing to correct Hawkins's sentence rather than resentence him. See, e.g., Adams v. United States, 2012 WL 5365092, *6 (E.D. Tenn. Oct. 30, 2012); United States v. Mosier, 2012 WL 359527, *2 (N.D. Ohio Feb. 2, 2012); Webb v. United States, 2008 WL 351118, *5 (E.D. Tenn. Feb. 6, 2008).

The Court originally sentenced Hawkins to 240 months on both Count 1 for transportation of child pornography and Count 2 for receiving child pornography to run concurrently with each other. The Court also sentenced Hawkins to 120 months on Count 3 for possession of child pornography and 360 months as to Count 4 for production of child pornography to be served consecutive to one another and consecutive to the aggregate imposed as to Counts 1 and 2, for a total term of imprisonment of 720 months.

The Court grants Hawkins's § 2255 motion and vacates the conviction and sentence in Count 2 of the Indictment for knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2), the supervised release for a term of life on Count 2, and the special assessment of $100 on Count 2. Hawkins's convictions and sentences on Counts 1, 3, and 4 of the Indictment remain in full force and effect. For the reasons set forth in the original sentencing hearing, the Court finds that in light of all the circumstances, a sentence of a total term of imprisonment of 720 months is appropriate. The Court further finds that such a sentence is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

### III. CONCLUSION

For the reasons set forth above, the objections by the United States are overruled and the Court adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge. The Movant/Defendant's motion to vacate under 28 U.S.C. § 2255

is granted as to Ground Three. By separate Order, the Court will vacate the conviction and sentence in Count 2 of the Indictment for knowingly receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) as offending the Double Jeopardy Clause, the supervised release for a term of life on Count 2, and the special assessment of $100 on Count 2. Hawkins's convictions and sentences on Counts 1, 3, and 4 of the Indictment remain in full force and effect.

Further, Movant/Defendant's motion to vacate under 28 U.S.C. § 2255 [DN 73] is denied as to Grounds One and Two. A Certificate of Appealability is denied as to the claims asserted in Grounds One and Two. Additionally, Movant/Defendant's motion to appoint counsel for the resentencing [DN 82, DN 85] is denied as moot. An appropriate Order shall follow.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Jason Hawkins, *pro se*
 counsel of record

August 29, 2013